PER CURIAM.
This cause came on before the Court on petition .for release of a 15 year old minor who was adjudged delinquent by the Juvenile Court of Dade County, Florida, resulting in an order dated March 5, 1970, requiring her to spend not over six months in custody of the Dade County Department of Youth Services at the Kendall Children’s Home. An appeal is now pending in the District Court of Appeal, Third District.
The petitioner seeks to have this Court determine that she is entitled to be released from custody pending appeal despite Section 39.14(5), Florida Statutes 1969, F.S.A., which provides:
“The taking of an appeal shall not operate as a supersedeas in any case, except that a permanent order of commitment to a licensed child-placing agency or department of public welfare for subsequent adoption shall be suspended while the appeal is pending, but the child shall continue in custody under the order until the appeal is decided.”
Petitioner urges this Court to declare Section 39.14(5), Florida Statutes 1969, F.S.A., unconstitutional as a denial of equal protection of the law. Petitioner has not requested the trial court or the District Court of Appeal to grant supersedeas. Normally her failure to seek relief below would preclude our consideration of the matter. We have heard argument of the parties, however, and in view of the time element involved, direct that the cause be temporarily remanded to the trial court for evaluation of the matter in the light of our opinion in Younghans v. State, 90 So.2d 308 (Fla.1956).
It is our view that after a determination of delinquency shall have been made, juvenile court judges may, in their discretion, release children from custody, under reasonable conditions which they may impose, during a valid appeal taken in good faith and if the court finds that such release shall not be detrimental to the child or to society.
*661 Accordingly, we relinquish jurisdiction so that the cause may proceed in the trial .court in accordance with the views expressed herein.
It is so ordered.
ERVIN, C. J., and THORNAL, CARLTON, ADKINS and BOYD, JJ„ concur.