PER CURIAM.
Appended to this order is a compilation of rules to govern practice and procedure in the juvenile division of the circuit court until permanent rules are submitted by The Florida Bar for adoption.
Proposed Rules of Procedure for Juvenile Cases were published in The Florida Bar Journal, Vol. XLVI, No. 11, p. 654, et seq., (December, 1972). These rules will not be considered by the Board of Governors until January 19, 1973. Thereafter, the recommendations of The Florida Bar will be presented to this Court and, after argument and consideration, the permanent rules will be adopted.
In order to effect an orderly transition of the courts under the newly adopted judicial amendment to the Constitution of Florida (Article V), F.S.A., it is necessary to promulgate certain temporary rules as an emergency matter to govern the procedure in the juvenile division of the circuit court. The rules published in The Florida Bar Journal were considered by judges from the juvenile division of each circuit court in this State, as well as representatives from the Division of Youth Services, Division of Family Services, State Attorneys and others. The attached compilation reflects the amendments requested by this group.
These rules shall govern all proceedings within their scope after 11:59 p. m., Eastern Standard time, January 1, 1973.
All conflicting rules and statutes are hereby superseded. Statutes not superseded shall remain in effect as rules promulgated by the Supreme Court.
It is so ordered.
*716 ROBERTS, C. J., and ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
FLORIDA RULES OF JUVENILE PROCEDURE
8.010 Scope
8.020 Intake
8.030 Ordering Children Into Custody
8.040 Detention Screening
8.050 Detention Order
8.060 Commencement of Formal Proceedings
8.070 Petition
8.080 Responsive Pleadings and Motions
8.090 Process
8.100 Transfer of Cases and Waiver of Jurisdiction
8.110 Hearings
8.120 Speedy Trial
8.130 Record
8.140 Correction of Records
8.150 Supersedeas
8.170 Guardian Ad Litem
8.180 Application of Rules of Criminal Procedure and Civil Procedure
FLORIDA RULES OF JUVENILE PROCEDURE
RULE 8.010. SCOPE
These rules shall govern the procedures in the Circuit Court in the exercise of its jurisdiction over delinquent children, dependent children, and children in need of supervision, as defined in the Florida Statutes. They shall be known and cited as the Rules of Juvenile Procedure, and may be abbreviated as.R.J.P.
RULE 8.020. INTAKE
(a) Reception of Information.
(1) Any complaint alleging a child to be delinquent or dependent or need of supervision shall be made to an Intake Section provided by the Department of Health & Rehabilitative Services operating within the county in which the child is found or in which the cause arose.
(2) Any person or agency having knowledge of the facts may make a written complaint to the Intake Sections alleging facts sufficent to establish the jurisdiction of the Court and the delinquency or dependency or need of supervision of the child. A complaint shall be deemed to have been made when it is filed with the intake officer, who shall immediately stamp same with the date and time of filing.
(b) Intake Procedures.
(1) Upon a complaint being made to an Intake Officer, he shall make a preliminary determination as to whether the facts presented by the complainant are legally sufficient to file a petition.
(a) If the Intake Officer determines that the facts are legally sufficient to file a delinquency petition, he may request the State Attorney to file the petition. If he determines the facts are legally sufficient to file a dependency, or need of supervision petition, he may file it.
(b) If the Intake Officer determines that the facts are legally sufficient to file a petition, but in his judgment the interest of the child and the public will be served best by providing the child care or other treatment voluntarily accepted by the child and his parents or legal custodians, he may refer the child for such care and treatment.
(2) If the Intake Officer refuses to request that a delinquency petition be filed or to file a dependency or need of supervision petition, the complainant and victim in delinquency cases, shall be informed of the refusal and of the reasons therefor, and shall be advised in writing at the time the report is made to the state attorney that they may submit the complaint to the state attorney for review. The complainant and victim shall have ten days from receiving the report to complain to the state attorney. The state attorney upon receiving the request for review shall consider the facts presented by the complainant, consult with the Intake Officer who made the initial de- *717 cisión, and shall then make the final de-cisión as to whether the petition shall or shall not be filed.
(3) In all cases, where the act charged would constitute a crime if committed by an adult, the Intake Section shall submit a written notice to the state attorney including the- original complaint or a copy thereof within fifteen days of the time the child is delivered to, or reported to, the Intake Section. Such notice shall recommend one of the following:
(a) That a petition be filed;
(b) That no petition be filed.
(4) The state attorney shall in all cases, after consultation with the Intake Section, have the right to file petitions regardless of the action or lack of action of the Intake Section.
(5) On motions by or in behalf of a child, a petition alleging delinquency or need of supervision may be dismissed with prejudice if it was not filed within thirty days from the date the complaint was received by the Intake Officer.
RULE 8.030. ORDERING CHILDREN INTO CUSTODY
If a verified petition in writing has been filed or if a written statement under oath be given the Court, stating facts showing that the welfare of the child or of the public requires that the child be taken into custody immediately, or that the child has violated a law, or the terms of his probation, the court may issue an order to a law enforcement officer or authorized agents of the Division of Youth Services, or authorized agents of the Division of Family Services, directing that the child be taken into custody. The order shall:
(1) Be in writing;
(2) Specify the name and address of the child, or if unknown, designate him by any name or description by which he can be identified with reasonable certainty;
(3) Specify the age and sex of the child; if his age is unknown, that he is believed to be of an age subject to the jurisdiction of the circuit court as a juvenile case;
(4) State the reasons why the child is being taken into custody;
(5) State that the child be brought immediately before the Court or be taken to a place of detention designated by the Court to be detained pending a detention hearing;
(6) State the date and time when issued, and the county and Court where issued;
(7) Be signed by the judge with the title of his office.
RULE 8.040. DETENTION SCREENING
In the event a child is not released to his parent or other custodians by the person taking him into custody and in the absence of a special judicial order to the contrary, the decisions as to the release, detentioip, or continued detention of a child brought to the Intake Section or any shelter, detention home, or other place of detention shall lie with the Intake Officer.
RULE 8.050. DETENTION ORDER
(a) No child taken into custody, whether by an order of Court or as otherwise provided by law, who has not been adjudicated dependent, delinquent or in nefed of supervision, as a result of the incident for which he is taken into custody, shall be detained longer than forty-eight hours, excluding Sundays and legal holidays, unless a detention order so directing is made by the judge, following a hearing held by the Court in the county where the child is detained. The detention order shall:
(1) Be in writing;
(2) State the name and address of the child, or if unknown, designate him by any name or description by which he can be identified with reasonable certainty;
*718 (3) State the age and sex of the child; if his age is unknown, that he is of an age subject to the .jurisdiction of the juvenile court;
(4) Make a finding that the release of the child would be inimical to the welfare of the child or of the public, stating the reasons;
(5) Designate the place where the child is to be detained or the agency that will be responsible for his detention;
(6) State the date and time when issued, and the county and Court where issued, together with the date and time the child is taken into custody;
(7) Be signed by the judge with the title of his office.
(b) This rule shall not apply to a child taken into custody by an agent of the Division of Youth Services in the process of an after-care revocation proceeding.
(c) No child under such special order shall be held more than thirty days without adjudication as a dependent or delinquent child or a child in need of supervision.
RULE 8.060. COMMENCEMENT OF FORMAL PROCEEDINGS
(1) All proceedings seeking an adjudication that a child is delinquent shall be initiated by the state by the filing of a petition by the state attorney.
(2) All proceeding seeking an adjudication that a child is dependent or a child in need of supervision shall be initiated by the filing of a petition by the state attorney, an authorized agent of the Division of Youth Services, an authorized agent of the Division of Family Services, or any other person who has knowledge of the facts alleged or is informed of them and believes that they are true.
RULE 8.070. PETITION
(a)Style. All pleadings filed shall be styled:
“In the interest of-, a child.”
(b) Contents of Petition.
(1) The petition shall allege facts showing the Court to have jurisdiction of the cause as a juvenile case and facts constituting the child to be either dependent or delinquent or in need of supervision.
(2) The petition shall contain allegations as to the identity and residence of the parents or legal custodians, if known.
(3) In petitions alleging delinquency, each count shall recite the official or customary citations of the statute, rule, regulation or other provision of the law which the child is alleged to have violated. Error in or omission of the citation shall not be grounds for dismissing the petition or for a reversal of the adjudication based thereon, if the error or omission did not mislead the child to his prejudice.
(4) Two or more offenses may be alleged in the same petition in a separate count for each offense.
(5) Two or more children may be the subject of the same petition if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses, or if they are alleged to be dependent, because of the source of neglect or mistreatment by the same persons. The children may be named in one or more counts together or separately and all of them need not be named in each count.
(c) Verification. The petition shall be signed by the state attorney or assistant state attorney, or other petitioner, under oath, stating his good faith in filing the petition. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(d) Amendments. At any time prior to the adjudicatory hearing, the petition may be amended on motion of the petitioner. Amendments shall be freely permitted in *719 the interest of justice and the welfare of the child.
RULE 8.080. RESPONSIVE PLEADINGS AND MOTIONS
(a)Pleas. No answer to the petitions, nor any other pleading need be filed by any child, parent, or legal custodian.
(1) A child, or where appropriate in a dependency proceeding, the parent or legal custodian of the child may admit the state of delinquency or dependency or need of supervision by pleading guilty or nolo con-tendere. The Court may refuse to accept either plea, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the allegations.
(2) A child or, where appropriate in a dependency proceeding, the parent or legal custodian of the child may deny the state of delinquency or need of supervision or dependency by pleading not guilty.
(3) A child or, where appropriate in a dependency proceeding, the parents or legal custodian of the child may submit in writing prior to the beginning of the adjudicatory hearing a request for the acceptance of a plan. The terms and conditions of the plan shall be formulated in conjunction with the Division of Youth Services or the Division of Family Services. This request, in delinquency proceedings, shall be signed by the child, his parents, or legal custodian, and his counsel when he is represented. In dependency proceedings it shall be signed by the parents or legal custodians and their counsel when they are represented. It is not an admission of delinquency or need of supervision or dependency, but shall submit the parties to the jurisdiction of the Court. It must contain a plan of treatment and conduct to which the parties agree. The Court may accept or reject the plan. The plan shall contain a stipulation that the speedy trial rule is waived. Upon a violation of the plan a petition alleging the violation shall be filed by the authorized agent of the Division of Youth Services or the authorized agent of the Division of Family Services. If the Court, after hearing, finds that a violation has occurred, it shall set the case for hearing on the original petition and proceed thereafter as in any other petition.
(4)If a child stands mute or pleads evasively, a plea of not guilty shall be entered by the Court.
RULE 8.090. PROCESS
(a) Personal Appearance. Personal appearance of any person in a hearing before the Court shall obviate the necessity of serving process upon that person.
(b) Issuance of Summons. Upon the filing of a petition the clerk shall issue a summons.
(c) Contents of the Summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified, and, if the child is not detained by an order of the Court, shall require the custodian to produce the child at the said time and place. A copy of the petition shall be attached to the summons.
(d) Persons on Whom Served. The summons shall be served upon the following persons:
(1) A parent having custody or the legal custodians, actual custodians, and guardian ad litem, if there be any other than the parents.
(2) In cases of permanent commitment to a licensed child placing agency or the Division of Family Services for subsequent adoption, such persons as otherwise specifically provided by law.
(e) Subpoena. Upon the application of a party, the petitioner or the state attorney, the clerk shall issue, and the Court on its own motion may issue subpoenas requiring attendance and testimony of witnesses and production of records, ■ documents or other tangible obj ects at any hearing. This *720 section shall not in any way limit the state attorney’s power to issue subpoenas.
(f) Service.
(1) Process. All process, orders and other papers issued by the Court shall be served or executed as other process and orders of the circuit court and in addition, may be served or executed by authorized agents of the Division of Youth Services or Division of Family Services.
(2) Subpoenas. Subpoenas may be served within the State by any person over twenty-one years of age who is not a party to the proceeding.
(3) Absentee Parents. It shall not be necessary to the validity of a proceeding covered by these rules, that the parents or legal custodians of a child be present, if the identity or residence is unknown after a diligent search and inquiry have been made, or if the parents or legal custodians are residents of a state other than Florida, or if they evade service of, or ignore a summons, but in this event, the agent of the Division of Youth Services, or the agent of the Division of Family Services, or other persons who made the search or inquiry shall file in the case a certificate of those facts and the judge may appoint a guardian ad litem for the child. But notice of the proceedings shall be given to the parents out-of-state by mail if their address is known. This section shall not apply to a proceeding to permanently commit a child to a licensed child placing agency or to the Division of Family Services for adoption placement.
RULE 8.100. TRANSFER OF CASES AND WAIVER OF JURISDICTION
(a)Betiveen Circuits. The Court may transfer any case after adjudication, or when adjudication is withheld, to the circuit court for the county of the circuit in which is located the domicile or usual residence of the child or such other circuit court as the judge may determine to be for the best interest of the child. The transferring court shall enter an order waiving its jurisdiction and certifying the case to the proper court, furnishing the clerk of the receiving court within five days, a certified copy of the order of transfer and of all previous orders entered in the case, and sending a copy thereof to the state attorney of the receiving court.
(b) On Demand. On demand, the Court shall waive juvenile jurisdiction and certify the case for trial as if the child were an adult if the child who is brought into Court as a delinuqent child, and who, if an adult, would be charged with a violation of law, joined by his parents, or one of them, his guardian, or his counsel so demands prior to the commencement of an adjudicatory hearing. A written order shall be entered by the Court setting forth the demand. A certified copy of the order shall be furnished the clerk of the court having jurisdiction to try the child as an adult and to the prosecuting officer of the said Court within five days of the demand being made. The child, if he has been detained, may be delivered to the sheriff of the county in which the court that is to try him as an adult is located. He shall thereafter be treated in that case in all respects as an adult.
(c) Felony Charge. If the judge deems that any child brought into Court as a delinquent child, who is fourteen years of age or older, and who, if an adult, would be charged with a violation of Florida law constituting a felony, should be tried as an adult, the judge may after hearing as provided in Rule 8.110(b), enter an order waiving juvenile jurisdiction and certifying the case for trial as if the child were an adult, and thereafter, the child shall be subject to the jurisdiction of the appropriate Court in that case as if the child were an adult. The order shall state that it is in the best interest of the public that juvenile jurisdiction be waived and shall give the reasons for this finding. A certified copy of the order shall be furnished to the clerk of the court having jurisdiction to try the child as an adult, and to the *721 prosecuting officer of the said Court, within five days of date of the order. The child shall be delivered immediately to the sheriff of the county in which the court that is to try him as an adult is located. He shall thereafter be treated in that case in all respects as an adult.
(d) The Court may set bond in all cases in sections (b) and (c) above.
RULE 8.110. HEARINGS
(a) Detention Hearings.
(1) No detention order, provided for in Rule 8.050, shall be entered without a hearing at which the child and his parents, or legal custodians shall have an opportunity to be heard on the necessity for the child’s detention, unless the parents or legal custodians cannot be found and the child is so young that to have him appear before the court would be of no value, or his mental or physical condition is such that a court appearance is not in his best interest.
(2) The detention hearing shall be within forty-eight hours after the child is taken into custody excluding Sundays and legal holidays. The Intake Section shall endeavor to notify the parents or legal custodians of the child of the time and place of the hearing. The notice may be by the most expeditious method available. The Intake Section shall arrange for the child to be present unless the child is so young that to have him appear before the Court would be of no value, or unless the child’s mental or physical condition is such that a court appearance is not in his best interest.
(3) At this hearing the Court shall make inquiry on the issue of whether the release of the child would be inimical to the welfare of the child or of the public. All relevant and material evidence helpful in determining the specific issue, including oral and written reports, may be received by the Court and may be relied upon to the extent of its probative value, even though it would not be competent at an adjudicatory hearing.
(4)This rule is in lieu of Rule 3.130 of Florida Rules of Criminal Procedure, 33 F.S.A.
(b) Waiver Hearing.
(1) No order waiving juvenile jurisdiction and certifying the case for trial as if the child were adult should be entered without a hearing, unless it be on demand of the child joined by his parents, or one of them, his guardian, or his counsel, made prior to the commencement of the adjudicatory hearing.
(2) Notice of the hearing shall be by summons as provided in Rule 8.090. Notice may be waived by a party or his counsel. The petition shall state that the Court is asked to waive its juvenile jurisdiction and certify the case for trial as if the child were an adult.
(3) All witnesses shall be examined in the presence of the child and may be cross-examined.
(4) At the conclusion of the testimony presented by the state attorney, the child shall, if he so elects, be sworn and testify in his own behalf, and in such cases shall be warned in advance that anything he may say can be used against him at a subsequent trial. He may be cross-examined as other witnesses, and, whether he testifies or not, any witness produced by him shall be sworn and examined.
(5) If from the evidence it appears to the Court that there is probable cause to believe that a felony has been committed and that the child has committed it, the Court shall then consider such evidence as shall be offered by the state attorney and the child or his counsel relative to the question of whether it is in the best interest of the public that juvenile jurisdiction of the Court over the child be waived in order that he might be tried as an adult. At this state of the hearing, the Court may accept in evidence social histories, and psychological and psychiatric reports, but the child and his counsel shall be entitled to examine such re *722 ports and, upon demand, to question the parties responsible for them.
(6)Should the Court find:
(a) That there is not probable cause to believe that a felony has been committed or that the child has committed it, the Court shall discharge him and dismiss the petition;
(b) That there is probable cause to believe that a felony has been committed and that the child committed it, but that it is not in the best interest of the public that the juvenile jurisdiction of the Court over the child be waived in order that he might be tried as an adult, the Court shall continue the case for an adjudicatory hearing;
(c) That there is probable cause to believe that felony has been committed and that the child committed it, and that it is in the best interest of the public that the juvenile jurisdiction of the Court over the child be waived in order that he might be tried as an adult, the Court shall enter the order provided for in Rule 8.100(c).
(c) Adjudicatory Hearing.
(1) The adjudicatory hearing shall be conducted by the judge without a jury. At this hearing the Court determines whether the allegations of the petition have been sustained.
(2) Notice of the hearing shall be by summons as provided in Rule 8.090. Notice may be waived.
(3) All witnesses shall be examined in the presence of the parties except that the child may be examined apart from his parents where the Court finds that this is in the interest of the child. Parties shall be entitled to cross-examine the witnesses.
(4) In all delinuqency and child in need of supervision cases the child may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no child shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted to comment on the failure of the child to testify in his own behalf, and a child offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument.
(5) In all dependency cases the parents, or legal custodians who are alleged to have neglected or abused the child shall, if they so elect, be sworn and may testify in their own behalf. In such case they shall be warned that anything they say can be used against them at a subsequent criminal trial. They may be cross-examined as other witnesses.
(6) In delinquency and child in need of supervision cases where two or more children are alleged to have committed an offense they shall be tried jointly unless the Court in its discretion orders separate trials. In ordering separate trials the Court may order that one or more children be each separately tried or may order that several children be jointly tried in one trial and the others jointly tried in another trial or trials, or may order that each be tried separately.
(7) If the judge shall find that the child named in the petition is not a child in need of supervision, a delinquent or dependent child, he shall enter an order so finding and dismissing the case.
(8) If the judge shall find that the child named in the petition is a child in need of supervision, a delinquent or dependent child but finds that no' action other than supervision in his own home is required, he may, in his discretion, enter an order briefly stating the facts upon which his finding is based but withholding adjudication and placing the child on probation under the Division of Youth Services or placing the child’s home under supervision under the Division of Family Services. Should the Court later find that the child does not comply with the conditions of the probation, or the custodians of the child with the condition of the supervision imposed on their home, the Court may, after a hearing to *723 establish the lack of compliance, but without further evidence of the state of a need of supervision, delinquency, or dependency adjudicate the child and shall thereafter have full jurisdiction to deal with the child as adjudicated.
(9) If the judge shall find that the child named in the petition is a dependent or delinquent child, or a child in need of supervision, but shall elect not to proceed under section (8) above, the judge shall incorporate that finding in an order entered in the case, briefly stating the facts upon which the finding is made and the Court shall thereafter have jurisdiction to deal with the child as adjudicated. He may proceed immediately to make his disposition or he may continue the case for a disposition hearing and refer it to the Division of Youth Services in delinquency or need of supervision cases, or the Division of Family Services in dependency cases for a comprehensive study and a recommendation. If the case is continued for a disposition hearing the Court will state in its order whether the child is to be detained pending that hearing and, if so, where he is to be detained.

(d)Disposition Hearing.

(1) At the disposition hearing the Court determines what action must be taken to correct the child, if he has been adjudicated delinquent or in need of supervision, or to protect him, if he has been adjudicated dependent, and enters its order directing that action. At this hearing the Court may receive any relevant and material evidence helpful in determining the proper disposition to be made. It may include, but shall not be limited to, oral or written reports from authorized agents of the Division of Youth Services or the Division of Family Services and any psychiatric or psychological evaluations of the child or his parents or legal custodians that may be obtained and that are relevant and material. Such evidence may be received by the Court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing. All or any portion of any confidential pre-dis-position report may be considered by the Court in camera, if such is for the best interest of the child.
(e) Post Disposition Hearings.
(1) Revocation of Probation. A child who has been placed on probation under supervision of an authorized agent of the Division of Youth Services may be brought before the Court by the agent supervising his probation on a petition alleging a violation of the probation. The Court shall give the probationer an opportunity to be fully heard in person, by counsel, or both. After such hearing, the Court shall enter an order revoking, modifying, or continuing the probation. Following a revocation of probation the Court shall, when the child has been placed on probation and adjudication has been withheld, adjudicate the child delinquent or in need of supervision. In all cases after a revocation of probation the Court shall enter a new disposition order.
(2) Change of Placement. A child who has been placed in his own home under the supervision of the Division of Family Services, in the home of a relative, or in some other place, may be brought before the Court by the agent of the Division of Family Services supervising the placement, or by any other interested person on a petition alleging a need for a change in the placement. The Court shall hear all parties, in person, by counsel, or both. After such hearing the Court shall enter an order changing the placement, modifying the conditions of it, or continuing it as previously ordered.
(f) Presence of the Child at Hearings on Delinquency and Need of Sttpervision Cases.
(1) In all hearings on delinquency or need of supervision cases the child shall be present, unless otherwise specified by these rules. If he is present at the beginning of a hearing and shall thereafter during the progress of the hearing voluntarily absent himself from the presence of the Court *724 without leave of Court, the hearing shall not thereby be postponed or delayed, but shall proceed in all respects as if the child were present in Court at all times.
(g) If a child alleged to be delinquent or in need of supervision, or the parent or legal custodian of a child alleged to be dependent desires to enter a plea of guilty or nollo contendere he may so inform the Court and the Court shall as soon as convenient arraign the child or the parent or legal custodian and permit him to enter his plea. Should the Court then accept the plea it shall proceed in the same manner as if the Court had after the hearing found the child to be a dependent or delinquent child or a child in need of supervision.
(h) When after hearing a j udge enters an order waiving jurisdiction and certifying a child for trial as an adult, adjudicating a child delinquent, in need of supervision, or dependent, or a disposition order, he shall forthwith inform the child, his parents or legal custodians concerning the right of appeal therefrom, including the time allowed by law for taking an appeal.
RULE 8.120. SPEEDY TRIAL
Rule 3.191 of the Rules of Criminal Procedure relating to Speedy Trial shall apply, modified by substituting appropriate language relating to juvenile procedures for that applicable to criminal procedures, and by changing the time within which a case must be brought to trial for adjudication without demand from 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, to 90 days in all cases, computed from the time the complaint is filed with the intake officer. This rule shall not apply to proceedings for permanent commitment of a child for subsequent adoption to a licensed child placing agency or the division of family services of the Department of Health and Rehabilitative Services.
RULE 8.130. RECORD
A record of the testimony in all hearings shall be made by a court approved stenographer or mechanical recording device. The record shall be preserved until the time for taking an appeal has expired. Testimony shall be transcribed only upon order of Court.
RULE 8.140. CORRECTION OF RECORDS
Clerical mistakes in orders, judgments, and other parts of the record arising from oversight or omission may be corrected by the Court at any time on its own initiative or on the motion of any party and after such notice, if any, as the Court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be corrected with leave of the appellate court.
Comment: This is substantially Civil Procedure Rule 1.540(a), 31 F.S.A.
RULE 8.150. SUPERSEDEAS ON APPEAL
(a) The taking of an appeal shall operate as a supersedeas in cases of permanent commitment to a licensed child placing agency or department of public welfare for subsequent adoption, but the child shall continue in custody under the order until the appeal is decided.
(b) In all other cases the taking of an appeal shall not operate as a supersedeas, but the Court in considering the welfare and best interests of the child may grant a supersedeas in its discretion on such conditions, with or without bonds, as it may fix.
(c) This rule shall be to the exclusion of any other Court rule providing for super-sedeas on appeal.
RULE 8.170. GUARDIAN AD LITEM
In any case in which the Court deems it necessary, it may appoint a guardian ad litem, who may be directed to appear without service of process on him and who shall *725 not be required to post bond or.file an oath. He shall file an acceptance of the office.
RULE 8.180. APPLICATION OF RULES OF CRIMINAL PROCEDURE AND CIVIL PROCEDURE.
(a) In all cases involving delinquency and/or child in need of supervision, the Florida Rules of Criminal Procedure shall apply, when not in conflict with these rules.
(b) In all cases involving dependency, the Florida Rules of Civil Procedure shall apply, when not in conflict with these rules.