INTERIM ORDER ON APPELLANTS MOTION FOR REVIEW OF TRIAL COURTS DENIAL OF MOTION FOR SUPERSEDEAS ON APPEAL

PER CURIAM.
J.W. was adjudicated delinquent and committed to the Department of Juvenile Justice. He sought a stay of his commitment order, pending resolution of his appeal from the adjudication of delinquency. The trial court denied the motion based on the criteria set out in Florida Rule of Juvenile Procedure 8.145, and J.W. is asking this court to review the denial. We affirm the denial.
J.W. argues that the trial court erred in denying the stay because the court did not apply the criteria set out in Younghans v. State, 90 So.2d 308 (Fla.1956). He cites A.J. v. Presley, 234 So.2d 660 (Fla.1970), in support of his contention that Younghans applies to juveniles seeking release pending appeal just as it applies to adults in the same situation. See Fla. R.Crim. P. 3.591(a). In A.J., the court remanded a juvenile’s request for release pending appeal to the trial court for consideration in the “light of our opinion in Younghans.” A.J., 234 So.2d at 660.
However, when A.J. was decided no juvenile procedure rules had been adopted. Rules of procedure for juvenile cases became effective in 1973. See In re Transition Rule II, 270 So.2d 715 (Fla.1972). These transition rules included Florida Rule of Juvenile Procedure 8.150 which addressed supersedeas on appeal in juve *1219 nile cases. Rule 8.150 did not reference Younghans, nor did it adopt the criteria for consideration of bond during appeal set out in Younghans. See 270 So.2d at 724.
The successor to rule 8.150 is rule 8.145. Both the original rule and the current rule direct the trial courts to consider the best interests of the child when determining whether a supersedeas should be granted to a juvenile during appeal. Both rules also state that the rule is “to the exclusion of any other court rule.” The current rule also requires the trial courts to consider the public interest in reviewing a juvenile’s request for supersedeas. Had the supreme court believed that the Younghans criteria should be applied to juveniles seeking supersedeas, it would have included this direction in the initial juvenile rule or in any subsequent version of the rule adopted within the last twenty-nine years. It has not done so.
Affirmed.
BLUE, C.J., and STRINGER and DAVIS, JJ, Concur.