90 So.2d 308 (1956)
Samuel A. YOUNGHANS, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division B.
October 31, 1956.
*309 Robert C. Lane and Curtiss B. Hamilton, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Joseph P. Manners, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
This is an application for bail pending an appeal to this court from a judgment convicting appellant of a criminal offense, the appellant having been unsuccessful in the trial court in obtaining his release on bail pending the appeal.
Section 9, Declaration of Rights, of the Florida Constitution, F.S.A., provides that "All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great." But it was early settled in the jurisprudence of this State that admission to bail, after conviction, is not a matter of right but rests in the sound judicial discretion of the trial court. (And see Ch. 29932, Laws 1955, amending Section 903.01, Fla. Stat. 1955, F.S.A., which we interpret to be a legislative declaration of the rule developed by judicial decision.) The exercise of sound judicial discretion in this respect *310 means that "`the adjudication is to be governed by a given standard of judicial action,' In re Jeffries' Estate, 136 Fla. 410, 181 So. 833, 838, and such discretion implies `judgment directed by circumspection,' to be exercised in the light of the facts and circumstances of each particular case. Towle v. State ex rel. Fisher, 3 Fla. 202, 214; Dixie Music Co. v. Pike, 135 Fla. 671, 185 So. 441, 447." Floyd v. State, Fla. 1955, 79 So.2d 778, 780. We do not find, however, that this court has heretofore established a clear "`standard of judicial action'" by which trial courts may be guided in the exercise of their discretion as to admitting to bail after conviction.
An excellent discussion of the question of admission to bail after conviction appears in United States v. Motlow, 7 Cir., 10 F.2d 657, 662. It was there stated by Mr. Justice Butler, sitting as Circuit Justice, that if an appeal is taken "merely for delay, bail should be refused; but, if taken in good faith, on grounds not frivolous but fairly debatable, in view of the decisions of the Supreme Court, then petitioners should be admitted to bail." It was also said in that case that, in determining whether an appeal is frivolous and taken only for delay, consideration may be given to "the character of the case, the trial, and the assignments of errors."
We think the above quoted statement by Mr. Justice Butler is a fair and reasonable "`standard of judicial action'" and suggest that the trial courts apply it in deciding whether the ends of justice require that a person be imprisoned during the pendency of an appeal. Of course, the purpose of bail is to secure the attendance of the accused to answer the charge against him; and if there are circumstances to indicate that the accused will flee and thus evade punishment if his conviction is affirmed, the trial judge may properly exercise his discretion against the allowance of bail. Thus, in addition to the question of whether the appeal is taken "in good faith, on grounds not frivolous but fairly debatable," the trial judge might consider (1) the habits of the individual as to respect for the law, (2) his local attachments to the community, by way of family ties, business, or investments, (3) the severity of the punishment imposed for the offense, and any other circumstances relevant to the question of whether the person would be tempted to remove himself from the jurisdiction of the court. In a case where the term of imprisonment imposed is short, the trial court might also consider whether the denial of bail would render nugatory the right to appeal from the judgment of conviction. Cf. Patterson v. United States, 75 S.Ct. 256, 99 L.Ed. 1296.
It is also suggested that, in disallowing bail after conviction, the trial judge should state his reasons for denying bail. It is axiomatic that the exercise of judicial discretion should never be arbitrary, capricious or unreasonable; and where the discretion is exercised in favor of denying to a person a basic and fundamental right, the reasons for so doing should be sound and they should be clearly stated.
Since the learned trial judge did not have before him our views in this respect at the time he denied the appellant's application for bail, we think he should be given an opportunity to re-evaluate the matter in the light of the opinions herein expressed. Accordingly, we relinquish jurisdiction of the cause temporarily and remand it to the trial court with directions to reconsider, at his earliest convenience, the application for bail in the light of the legal concepts set forth herein. Cf. Cash v. State, Fla. 1954, 73 So.2d 903.
It is so ordered.
DREW, C.J., and O'CONNELL and BUFORD, JJ., concur.