ROBERTS, Justice.
Appellant Birge was convicted of breaking and entering with intent to commit grand larceny and appealed his judgment of conviction to this court. He applied to the trial court for admission to bail pending the- appeal, which application was denied by the trial court. On July 25, 1956, the appellant presented to this court a petition to review the lower court’s order denying bail, and this court declined to disturb the denial of bail by the lower court, on the basis of the incomplete record before us at that time. On October 9, 1956, the appellant renewed in the lower court his application for bail1 pending appeal, which application was denied by the lower court for lack of jurisdiction. We now have before us an application by appellant for bail pending the appeal, which we are requested to consider on the basis of the transcript of record and assignments of error now on file in this court.
In Younghans v. State, Fla., 90 So.2d 308, this court set forth in detail the principles of law to be followed-by trial courts in deciding the question of whether to admit to bail, pending appeal, a person convicted of a criminal offense. Since the learned trial judge did not have before him our views in this respect at the time he denied the appellant’s original application for bail, we think h’e should be given an opportunity to re-evaluate the matter in the light of the opinions expressed in Younghans v. State, supra. Accordingly, we relinquish jurisdiction of the cause temporarily and remand it to the trial court with directions to reconsider, at his earliest convenience, the application for bail in the light of the- legal concepts set forth therein.
It is so ordered.
DREW, C. J., and O’CONNELL and BUFORD, JJ:, concur.