PER CURIAM.
Appellant has filed an unverified motion for entry by this court of an order fixing the amount, terms and conditions of bail pending disposition of an appeal to the Supreme Court of Florida from the judgment of this court, 110 So.2d 495, affirming appellant’s conviction in the Circuit Court of the Seventh Judicial Circuit in and for Putnam County, Florida. The motion is not supported by any showing other than the fact that notice of such appeal has been filed.
Recognizing this court’s lack of power to determine vel non the question of whether the Supreme Court is entitled to assume jurisdiction of an attempted appeal from the judgment of the District Court of Appeal, the motion in question confronts this court for the first time with a duty to determine (1) whether after the going down of the mandate it has jurisdiction to entertain a motion for and fix bail where it is not applied for prior to the issuance of the mandate, (2) whether as a matter of policy this court should in criminal cases assume the responsibility of fixing bail and (3) if such responsibility is assumed, the scope of its power and the procedural requirements to activate it.
*219 As to the first point, Florida Appellate Rule 6.16, 31 F.S.A., appears by implication to authorize this court to enter an order granting bail pending appeal in accordance with the principles laid down in Younghans v. State, Fla., 90 So.2d 308, 310, which imposes on the party seeking bail the duty to supply with his motion verified facts making out a prima facie entitlement to hail. The motion under consideration does not remotely meet that requirement and for that reason alone must be denied.
The Younghans case holds that a primary consideration in the exercise of discretion on the question of allowance of bail is whether the appeal is taken “in good faith, on grounds not frivolous but fairly debatable.” Determination of this factor necessarily requires a consideration of the grounds of error upon which appellant relies for reversal. Thus it is that while a District Court of Appeal cannot adjudicate vel non the question as to whether the Supreme Court has jurisdiction under the constitution to entertain an attempted appeal from its judgment, it must indirectly pass on that question when exercising its discretion on the subject of allowance of bail.
Section 4(2), Article V, Constitution of Florida, F.S.A., provides:
“Appeals from district courts of appeal may be taken to the supreme court, as a matter of right, only from decisions initially passing upon the validity of a state statute or a federal statute or treaty, or initially construing a controlling provision of the Florida or federal constitution. The supreme court may review by certiorari any decision of a district court of appeal that affects a class of constitutional or state officers, or that passes upon a question certified by the district court of appeal to be of great public interest, or that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law, and may issue writs of certiorari to commissions established by law.”
The only grounds of error assigned on the appeal to the Supreme Court and which remotely approach the subject of the constitutional jurisdiction of the Supreme Court to entertain the appeal are the following :
“12. That the Court erred in failing to order a new trial on the ground that the affidavit for search warrant under which the defendant’s automobile was searched did not comply with the constitutional requirements of probable cause in that the facts were not set forth therein so that the affiant was liable for the truthfulness of the facts recited in the affidavit.
“13. That the Court erred in failing to order a new trial on the ground that the affidavit for search warrant under which the defendant’s automobile was searched did not comply with the constitutional requirements of probable cause in that the confidential informer’s name was not given and all illegal acts charged in the affidavit are based upon the communication of an alleged confidential informer.”
It is the conclusion of this court that these and the other assignments of error on the attempted appeal do not present any issue that under the constitution is reviewable by the Supreme Court. Specifically, the above-quoted grounds are inadequate to reflect that this court rendered a decision “initially passing upon the validity of a state statute or a federal statute or treaty, or initially construing a controlling provision of the Florida or federal constitution.” The constitutional provisions referred to in these grounds of error have been passed upon and construed time and time again by our Supreme Court. Moreover, in this cause the same were applied — not initially passed on or construed — by the trial court, rather than by this court.
*220 Where the trial court initially passes upon the validity of a state statute or a federal statute or treaty, or initially construes a controlling provision of the Florida or federal constitution, appeal therefrom is available directly to the Supreme Court under the following provision of Section 4(2), Article V, Constitution of Florida:
“(2) Jurisdiction. Appeals from trial courts may be taken directly to the supreme court, as a matter of right, only from judgments imposing the death penalty, from final judgments or decrees directly passing upon the validity of a state statute or a federal statute or treaty, or construing a controlling provision of the Florida or federal constitution, and from final judgments or decrees in proceedings for the validation of bonds and certificates of indebtedness. The supreme court may directly review by certiorari interlocutory orders or decrees passing upon chancery matters which upon a final decree would be directly appeal-able to the supreme court. In all direct appeals and interlocutory reviews by certiorari, the supreme court shall have such jurisdiction as may be necessary to complete determination of the cause on review.”
In view of the foregoing, we hold that this court has jurisdiction to entertain a properly documented motion of the nature involved. We will as occasion requires assume the responsibility of fixing bail pending an appeal from this court to the Supreme Court; but as a matter of policy the subject would appear to be best presented in the Supreme Court where the power is vested to more effectively determine the question of whether the appeal is taken in good faith, is not frivolous, and presents fairly debatable issues. We will not consider applications for bail pending such appeals unless the same contain a prima facie showing, duly verified, meeting the test laid down in the Younghans case.
We repeat that our discussion of the question as to whether our judgment in this case is appealable to the Supreme Court is not intended to invade the jurisdiction exclusively vested in the Supreme Court by the constitution under the above-cited provisions, but simply as indicating the separate basis upon which we hold, the insufficiency of the motion notwithstanding, that bail should also be denied because the appeal does not appear to be taken in good faith, it appearing that the grounds thereof are frivolous and not fairly debatable.
Accordingly, an order will be entered denying the motion for bail.
STURGIS, C. J., CARROLL, DONALD and WIGGINTON, JJ., concur.