PIERCE, Judge.
This case presently involves only collateral proceedings brought to secure bail pending appeal from conviction of a felony.
Information was filed in the Pinellas County Circuit Court against appellant Joseph Waller, Jr., charging grand larceny, and upon trial he was, on May 4, 1967, found guilty by a jury as charged. He was thereupon sentenced to a term of imprisonment, from which judgment and sentence he has appealed to this Court.
On February 9, 1968, Waller filed in this Court his petition for writ of habeas corpus seeking bail upon appeal, and on March 6, 1968, he filed motion herein “to review” a previous Circuit Court order of January 11, 1968, denying such bail. We consolidate the petition and the motion and will treat them as an original petition to secure bail in this Court.
Such right to bail is controlled by Younghans v. State, Fla.1956, 90 So.2d 308, wherein is cited Section 9 of the Florida Declaration of Rights, F.S.A., which provides that “all persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great”. F.S. Sec. 903.01, F.S.A., providing that “all persons in custody for the commission of an offense, not capital, shall before conviction be entitled as of right to' be admitted to bail, and after conviction bail may be granted at the discretion of either the trial or the appellate Court” (Emphasis supplied), is interpreted in Younghans “to be a legislative declaration of the rule developed by judicial’ decision”.
Younghans then prescribes a “standard of judicial action” and states two grounds upon which the Court, in its discretion, may deny bail pending appeal from a conviction: (1) where the appeal “is frivolous and taken only for delay”, and (2) where “there are circumstances to indicate that the accused will flee and thus evade punishment if his conviction is affirmed”.
As to the first ground, Younghans says that consideration may be given to “the character of the case, the trial, and the *149 assignments of errors”. As to the second ground, it is said the Court may consider the habits of the individual as to respect for law, his local attachments to the community or any family ties, business, or investments, the severity of the punishment imposed for the offense, and any other circumstances “relevant to the question of whether the person would be tempted to remove himself from the jurisdiction of the Court”.[1]
Before applying to this Court, Waller made similar application to the trial Court and there Circuit Judge Charles Phillips had full hearing and accorded extensive testimonial privileges upon the application, then made findings as follows:
“Using the standards in Younghans vs. State [Fla.], 90 So.2d 308, I find that the Appeal is taken in good faith and I find that in spite of one former removal of his family to California, his local attachments to the community are such that he would probably not flee in order to evade punishment. I also find that the term of imprisonment is not so short as would render nugatory the right to Appeal.” (Emphasis supplied).
Judge Phillips in his order then reviews “the habits of the defendant as to respect for the law”, and, after making numerous references to portions of the testimony, finally concludes “that the defendant would probably violate the law again during the time consumed by Appeal”, indicating he felt that if Waller were allowed bail “an offense by the defendant would be triggered” similar to that of which he had been convicted, which was the theft of a mural from the wall of the City Hail of the City of St. Petersburg.
We refrain from commenting upon the evidence adduced before Judge Phillips, or the sufficiency thereof, and it is not necessary so to do in the light of our determination here. Judge Phillips’ views as to Waller’s lack of “respect for the law” were apparently channelled toward his probable propensities for recommitting the offense “if the City of St. Petersburg replaced the mural”, to use the language of Judge Phillips in his order.
But this presupposes a fact which, according to the record here, has never happened, and so far as anyone knows, may never happen, namely, that the City would ever replace such mural. Standing alone, this would be too slight a reed upon which to deny the basic constitutional right to bail. And even under the exceptions to the right to bail after conviction, set forth in Younghans, it would still not be applicable, because the lack of “respect for the law” there referred to has reference to “whether the person would be tempted to remove himself from the jurisdiction of the Court”.
The probability of the defendant committing the same crime over again locally is not the same as his fleeing the.jurisdiction of the Court. Indeed, it is rationally just the opposite, for to steal a replaced mural he would have to remain in the jurisdiction. And if such “probability” is in turn dependent upon a supposition or conjecture, it becomes even more remote. In any event, Judge Phillips specifically held that Waller “would probably not flee”.
Inasmuch as all the other criteria for denying bail set forth in Younghans are found not to exist by Judge Phillips, and the alleged lack of respect for the law was hinged upon a consideration not contemplated by Younghans, we must hold that under the authority of that case Waller should be admitted to bail pending determination of his appeal on the merits.
*150 We therefore grant the application for bail filed here, and authorize Judge Phillips to fix the amount and conditions of the supersedeas bond, same to be approved by the Clerk of the Circuit Court.
So ordered.
ALLEN, Acting C. J., and HOBSON, J., concur.

. The Younghans opinion mentions that the Court “might also consider whether the denial of bail would render nugatory tlie right to appeal from the judgment of conviction”, but we do not discuss this phase inasmuch as both the trial Court and this Court agree that the sentence here involved would remove it from the orbit of the quoted comment.