Willie Edward SIMS, Jr., a/k/a Willie Edward Simms, Jr., #024657, Petitioner,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.

No. 69–1381–Civ.

United States District Court
S. D. Florida.
Dec. 19, 1969.

Matthews, Braynon & Mapp, Miami, Fla., for petitioner.

J. Terrell Williams, Asst. Atty. Gen., West Palm Beach, Fla., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

MEHRTENS, District Judge.

Petitioner was found guilty of assault with intent to commit rape and was sentenced to 14 years and 7 months by the Circuit Court, in and for the Seventeenth Judicial Circuit of Broward County, Florida. Upon conviction petitioner filed his notice of appeal and motion for supersedeas bond. The supersedeas bond was denied. Petitioner then filed for supersedeas bond in the District Court of Appeals, Fourth District, in and for the State of Florida. It was again denied. Petitioner subsequently

petitioned for a writ of certiorari to the Florida Supreme Court, and the writ was denied also. Petitioner now appears before this Court alleging that the denial of bail by the state courts violated his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

 Petitioner refers to Johnston v. Marsh, 227 F.2d 528, 56 A.L.R.2d 661 (3rd Cir.1955), and Dawkins v. Crevasse, 391 F.2d 921 (5th Cir.1968), as authority for this Court to grant bail on a petition for writ of habeas corpus. While there is no question that a federal district court has the authority to grant bail upon a motion for habeas corpus, *Johnston, supra,* neither is there any doubt that a convicted felon has no absolute right to bail pending appeal. United States ex rel. Siegal v. Follette, 290 F.Supp. 632 (D.C.N.Y.1968); 18 U.S.C. § 3148; Fla.R.Cr.Pro. 1.130(a), 33 F.S.A.

Rather, the right, if any, has been termed as traditional, and the grant or denial of bail is a matter of discretion to be exercised by the judge upon the record. United States v. Erwing, 280 F.Supp. 814 (D.C.Cal.1968); Younghans v. State, 90 So.2d 308 (Fla. 1956). *Younghans* prescribes the substantive Florida law applicable and states two grounds upon which the Court, in its discretion, may deny bail pending appeal from a conviction: (1) where the appeal "is frivolous and taken only for delay", or (2) where there "are circumstances to indicate the accused will flee and thus evade punishment if his conviction is affirmed." *Younghans v. State, supra,* and Waller v. State, 208 So.2d 147 (Fla.App.1968). As to the second ground, one of the circumstances to be taken into consideration is the severity of the sentence imposed for the offense, this being "relevant to the question of whether the person would be tempted to remove himself from the jurisdiction of the court." *Younghans, supra.* The trial court referred to the *Younghans* standard in the instant case, and then noted that the pe-

titioner had been sentenced to approximately fifteen (15) years imprisonment. This, the trial court stated, was severe enough to bring the facts of petitioner's case within the adumbrated *Younghans* standard.

 This Court recognizes that any determination it makes on petitioner's eligibility for bail is independent of the state courts' decisions on the matter; nevertheless when the standards to be used for determination by both Federal and Florida Courts are so similar as to be almost identical (*see,* 18 U.S.C. § 3148; Younghans v. State, *supra*), this Court will not ignore the state courts' holdings. Moreover, this Court is disinclined to reverse the state courts' disposition unless it is shown that the trial court's discretion was abused. In considering the law applicable and the facts of the case, it is clear that the trial court acted within its authority.

Accordingly, it is

Ordered and adjudged that the petition be and the same is hereby denied.