PER CURIAM.
By petition for writ of habeas corpus petitioner seeks her release on bond pending appeal from a conviction of perjury and sentence to life imprisonment.
A similar petition was previously before this Court, and it was denied without prejudice to apply to the Third District Court of Appeal. Petitioner complied and the District Court, 255 So.2d 310, also denied her motion without prejudice, presumably, to enable petitioner to seek bail on appeal before the trial court.
Our investigation of this case reveals that at the trial level and on November 11, 1971, petitioner filed her notice of appeal and motion to set supersedeas bond pending appeal. On the same date a hearing was held before the trial judge during which the judge summarily denied bond on appeal and would not reconsider his ruling. Apparently, the state was opposed to bond being allowed but agreed that if bond were permitted, it could be in the amount as the bond prior to conviction, i. e., $25,000.00. The trial judge’s ruling was not reduced to writing, however, the foregoing events are contained in the transcript of the hearing.
In view of these occurrences, we now proceed to a determination of petitioner’s plea for bond pending appeal.
The constitutional right to bail as provided for in Section 14, Article I, Declaration of Rights, Florida Constitution of 1968, F.S.A., applies only prior to adjudication of guilt. Thereafter bail becomes discretionary with the court, however, this discretion is not unlimited and must be exercised within the guidelines established by case law and adopted by rule. Younghans v. State, Fla.1956, 90 So.2d 308; F.A.R. 6.15, 32 F.S.A. (providing that application for bail pending appeal will be tested by the principles of Younghans).
Younghans essentially directs the court to consider (1) whether the appeal is taken for delay or in good faith on grounds not frivolous but fairly debatable; (2) the habits of the individual regarding respect for the law; (3) local attachments to the community by way of family ties, business or investment; (4) the severity of the sentence imposed, and circumstances relevant to the question of whether the defendant would remove himself from the jurisdiction of the court.
Sub judice, other than for the circumstances out of which the perjury charge arose, petitioner apparently has never been arrested. Pending trial in this cause, she was at liberty on a $25,000.00 bond and appeared at all required times. Petitioner is 48 years of age, owns her own home and has lived in the State of Florida many years. Additionally, she is the mother of an eleven year old daughter who was in her custody, care and control until petitioner’s incarceration herein.
Although the action of a trial judge comes to us with great weight and should not be set aside unless it appears he has abused his discretion, nevertheless this “judicial discretion” is not an arbitrary power. Its meaning contemplates a careful decision arrived at only after a review of all facts and circumstances surrounding the standards, if any, applicable to any pending request.
Obviously, neither the standards of Younghans nor the principles enunciated in Rule 6.15, F.A.R., were considered or applied in this case below, and, by so applying them we can conclude that the petitioner passes review and is entitled to bond on appeal. However, we would point out that what may have been an unreasonable bond prior to trial may well be reasonable after adjudication of guilt. Lambert v. State, Fla.App. 1963, 151 So.2d 675.
The request to release petitioner on bail pending appeal is hereby granted and it is ordered that the appeal herein to the Third District Court of Appeal shall have *198 the force and effect and does operate as a supersedeas of the final judgment in said cause upon the petitioner giving an appearance bond in the sum of Seventy Five Thousand Dollars ($75,000.00). The sufficiency of said bond is to be approved by the Clerk of the Criminal Court of Record in and for Dade County, Florida, conditioned that petitioner will duly prosecute her appeal; that she will surrender herself in execution of the judgment or sentence upon the appeal being affirmed or dismissed; or in case the judgment is reversed and the cause remanded for further proceedings that she will duly appear in the Court to which said cause may be rendered and submit herself to the orders and processes thereof and will not part from the jurisdiction without leave.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ„ concur.
BOYD, J., dissents.