ON MOTION TO REVIEW ORDER DENYING BAIL PENDING APPEAL
PER CURIAM.
This matter is before this court upon motion to review an order of the trial court denying bail pending appeal pursuant to Rule 6.15(d), F.A.R.
Appellant was tried and convicted of maintaining a gambling house in violation of § 849.01, F.S.1973. Notice of appeal was filed, appellant applied to the court for an order setting bail pending appeal, which was denied. The trial judge entered a written order in which in pertinent part he said:
“THIS CAUSE coming on this day to be heard on the motion of the above named defendant-appellant to set bail pending appeal of the final judgment of conviction in the above cause and the Court having considered said motion and Rule 6.15, Florida Appellate Rules and the principles laid down in Younghans v. State, [Fla.] 90 So.2d 308, to-wit: ‘the character of the case, the trial, and the assignments of errors’, as well as the habits of the individual as to respect for the law, his local attachments to the community, by way of family ties, business, or investments, and the possible punishment for the offense, as well as other circumstances relevant to the question of whether or not the defendant would be tempted to remove himself from the jurisdiction of the Court, and argument of counsel and finding that the defendant failed to give good and sufficient reasons to this Court why such bail on appeal should be granted and that *209 said motion should be denied, now, therefore, it is,
“ORDERED AND ADJUDGED that the defendant’s motion for bail pending appeal be, and the same is hereby denied.”
Both Rule 3.691(a), RCrP, and Rule 6.15(b), F.A.R., direct the courts to apply the principles enunciated in Younghans v. State, Fla.1956, 90 So.2d 308, in exercising their discretion in granting or denying bail pending appeal. The foregoing order indicates the trial judge followed the rule in that respect. However, when the trial court denies bail in the exercise of its discretion, subsections (b) and (c), respectively, of those rules require the trial court to state in writing its reasons for the denial. It would seem the obvious purpose is to pinpoint the reason for the trial court’s action which facilitates appellate review thereof. Surely, a mere verbatim recital of the considerations of Younghans will not suffice to fulfill the requirements of the rules. When an order of the trial court denying bail reaches this court for review it is presumed the trial court followed the rules and considered the Young-hans principles. What this court is really interested in is why the trial court denied bail so as to determine if he abused his discretion.
We are sympathetic to the plight of the trial courts m this state, especially in the criminal divisions where the dockets are crowded with cases. However, we do believe that a diligent effort to comply with the spirit as well as the letter of tile rules of procedure will result in a more orderly disposition of cases and facilitate the work ot both trial and appellate courts.
Accordingly, this cause is remanded to the trial court with the request that the order of July 17, 1975, be vacated and a new order be entered in compliance with the foregoing rules.
CROSS, OWEN and DOWNEY, JJ., concur.