ON MOTION TO REVIEW REVOCATION OF BAIL
GRIMES, Judge.
Welch was convicted of possession of a controlled substance and sentenced to thirty months in the state prison. Upon the filing of an appeal, the lower court entered an order granting bail. Welch posted the required supersedeas bond. Thereafter, Welch was arrested for sale of a controlled substance and possession of firearms by a convicted felon. The state then filed a motion to revoke supersedeas bond. Following several hearings the court entered an order revoking Welch’s superse-deas bond. All of these matters occurred *54 prior to the filing of the record on appeal with this court.
The order revoking the supersedeas bond stated that the court was applying the principles of Younghans v. State, Fla.1956, 90 So.2d 308, and gave as reasons for the revocation “that the court has probable cause to believe that the defendant has no respect for the law and has a high propensity to commit criminal acts.” Citing this court’s opinion in Waller v. State, Fla.App.2d, 1968, 208 So.2d 147, Welch contends the denial of bail pending appeal cannot be predicated upon disrespect for law and the propensity to commit crime unless these matters relate to the tendency of the defendant to remove himself from the jurisdiction of the court. Welch correctly states that Waller stands for the proposition that the defendant’s disrespect for the law and the probability that he may commit the same crime again locally cannot be equated with whether he would flee from the jurisdiction to avoid punishment if his conviction was affirmed. We note that the Fourth District Court of Appeal in Baker v. State, Fla.App.4th, 1968, 213 So.2d 285, has interpreted Younghans so as to reach a contrary conclusion. Referring to Waller, that court said:
“. . . We are aware of our sister court’s opinion in Waller v. State, to the effect that any lack of respect for the law, as contemplated by Younghans has reference to whether the defendant would be tempted to remove himself from the jurisdiction of the court. We do not believe the language employed in Younghans was intended as this restrictive and therefore place a broader construction upon the criterion of respect for the law.”
We now have the opportunity to reconsider Waller, and we have reached the conclusion that the principles stated therein should be modified. In so doing, we approve the language of Baker in which the court said:
“In the administration of justice it is the courts’ duty to protect society from the habitual offender. Obviously then, in determining bail the court may consider the record,of a felon where it can be anticipated that he will continue a course of crime until finally behind prison walls. In so doing, the responsibility of the court is fulfilled while giving application to settled principles of law and constitutional guarantees. In fact under the common law and early English statutes, the form of recognizance upon the bail of a defendant was ‘for his appearance to take his trial and to be of good behavior in the meantime.’ Reg. v. Badger, 4 Q.B. 467, 114 Eng.Reprint 975.
“It must be recognized that the granting of bail and the amount thereof is not a strict legal right but rather is a legal favor, resting in the sound judicial discretion of the trial judge.”
While the holding in Waller may have been correct on the facts, we no longer subscribe to the rationale of that opinion.
The record in the instant case reflects that Welch was convicted of a previous felony several years ago. At the time of sentencing for the judgment now on appeal, Welch made an impassioned plea that he now saw the error of his ways, and he promised to lead a new life free of crime. Yet, less than three months later he was arrested for selling a controlled substance to an undercover agent. In addition to the thirty months he will have to serve if his conviction is affirmed, he faces the possibility of further sentences in the maximum amount of twenty years for the new offenses. Applying what we now conceive to be the law to the facts of the case, we conclude that the court did not abuse its discretion in revoking Welch’s bail.
Motion denied.
McNULTY, C. J., and BOARDMAN, J., concur.