OPINION ON MOTION
DAUKSCH, Judge.
Appellant appeals an Order of the trial court denying his Motion for bail pending appeal.' There were two Orders entered below denying “supersedeas bond”, both of which were dated and rendered on the 2nd day of March, 1977 and both of which are insufficient. One of the Orders says:
“The Defendant fails to meet the criteria laid down in Younghans v. State, 90 So.2d 308 (Fla.1956) in that the Defendant might not remain in the jurisdiction of the Court and the Defendant has had a divorce and his family ties in the community are less at this time. Defendant’s Motion to Set Supersedeas Bond is hereby denied at this time.”
The other says:
“Defendant’s Renewed Motion to Set Su-persedeas Bond is hereby denied. The Defendant fails to meet the criteria laid down in Younghans v. State, 90 So.2d 308 (Fla.1956) as per companion Order entered this date.”
The purpose of bail is generally recognized as to insure the return of the Defendant if recalled by the court. When the trial court stated in its Order “the Defendant might not remain in the jurisdiction of the Court” it is begging the question. Therefore it appears the only reason for the denial of bail pending appeal is that the Defendant has had a divorce and has lost a family tie to the community. Perhaps this is the only reason the trial court entered its Order but since the Order denies bail “at this time” we are not sure of the exact ruling of the court and the reasons therefor. McCormack v. State, 338 So.2d *715 208 (Fla. 4th DCA 1975). We have reviewed the transcript provided and find that there is very little, if any, testimony on which to base the Order so we must remand this matter. This cause is remanded with directions to vacate the Orders denying bail entered on March 2, 1977 and with further directions to hold a hearing to determine whether or not bail should be granted and enter an order in compliance with the directives of Fla.App. Rule 6.15 and McCormack v. State, supra.
REMANDED WITH DIRECTIONS.
LETTS, J., and WEAVER, SIDNEY M., Associate Judge, concur.