PER CURIAM.
We affirm the trial court’s order denying post trial release on bail. While we might disagree as to the court’s analysis of whether the petitioner filed the appeal in “good faith,” as defined in Baker v. State, 213 So.2d 285 (Fla. 4th DCA 1968), the trial court found that the remaining circumstances, including petitioner’s lack of ties to the community, his lack of regard for the orders of the courts, and his expressed intent of leaving the jurisdiction, disqualified him for bail. We cannot find that the trial court abused its discretion under these circumstances. See Baker; Younghans v. State, 90 So.2d 308 (Fla.1956). This opinion is without prejudice, and the petitioner can renew his request for bail, pending appeal, after the trial court sets his sentence. One factor which the trial court should consider is the length of the sentence and whether “the denial of bail would render nugatory the right to appeal from the judgment of conviction.” Id. at 310.
STONE, C.J., and WARNER and GROSS, JJ., concur.