720 So.2d 598 (1998)
Douglas Craig COOLLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01013.
District Court of Appeal of Florida, Second District.
October 23, 1998.
Mark Wolfe, Tampa, and Brent A. Rose of Orsini & Rose Law Firm, St. Petersburg, for Appellant.
No appearance for Appellee.

ON MOTION FOR RELEASE PENDING APPEAL
PER CURIAM.
Douglas Craig Coolley applies to this court pursuant to Florida Rule of Appellate Procedure 9.140(g)(4) to review the trial court's order denying him bond pending the appeal of his criminal conviction and sentence. Initially we denied the motion without prejudice to renew it upon the rendition of an order denying the motion in the trial court. Coolley reapplied to this court for relief after the trial court entered a simple order summarily denying the relief sought. We directed the trial court to enter a supplemental order that complied with Florida Rule of Appellate Procedure 9.140(g)(3) by setting forth the factual basis upon which the decision was made and the reasons therefor.
The trial court responded with an order that stated the following:
1) Following a finding of guilt by the jury there "remains a high presumption of guilt."
2) As a firearm was used in the offense, the defendant poses a risk to the community.
3) Coolley's conviction involves a mandatory prison term.
4) The trial court feared that Coolley would not appear for any future court dates if released on bail.
We concluded that the supplemental order failed to comply with the requirements of rule 9.140(g)(3) for the following reasons. *599 We disagree that there is but a presumption of guilt after a jury returns a guilty verdict. There is a presumption of correctness that follows the verdict and resulting judgment when they come to this court for review; however, this presumption applies in every criminal case and is not, therefore, an appropriate factor upon which to base the denial of a bond in a specific case.
We do not consider the use of a firearm, in and of itself, conclusive evidence that a defendant poses a risk to the community. Without belaboring the facts of this case which disclose that Coolley's use of the firearm occurred in his own home against a stranger to the premiseswe believe that if the legislature saw fit to deny an appeal bond to any offender who uses a firearm as it has, for example, to drug traffickers,[1] appropriate legislation would have been enacted to that effect. No other facts were recited to support the conclusion that Coolley poses a risk to the community and we found none in the record. With respect to the recital that Coolley faces a minimum mandatory sentence, we reiterate our observations outlined above regarding legislative choices. Finally, no factual basis is recited by the trial court to support the conclusion that Coolley would not appear for any future court dates if released and, again, we are unable to find any in the record before us.
Having determined that the supplemental order was deficient, but being mindful of the fact that the setting of an appeal bond is a matter largely within the trial court's discretion, we afforded the trial court an additional opportunity to comply with the rule, and directed it to submit a second supplemental order with facts supporting the conclusion that Coolley constituted a flight risk, a factor that in and of itself would support the denial if supported by sufficient facts. In response we received an order which adopted the recitals in the prior order and added, as a factual basis to support the conclusion that Coolley was a flight risk, that the "mandatory sentence makes this Defendant a flight risk." Again, we are faced with the failure of the trial court to recite facts, as opposed to conclusions. There is no evidence in the record before us that Coolley was likely to flee because he faced a minimum mandatory sentence, and the legislature has made no provision for automatically denying appeal bonds to all those defendants who face mandatory terms of imprisonment.
None of the three orders entered by the trial court address the factors enumerated in Younghans v. State, 90 So.2d 308 (Fla.1956), which is specifically mentioned in Florida Rule of Criminal Procedure 3.691(a). None of the orders contain a factual basis supporting the conclusions set forth therein, as contemplated by rules 3.691(b) and 9.140(g)(3). Therefore, meaningful review of the denial of Coolley's motion was not possible.
Because the trial court's denial of Coolley's application for appeal bond failed to comply with the requirements of rules 3.691(b) and 9.140(g)(3), by unpublished order we granted Coolley's motion and directed the trial court to set a reasonable bond.
THREADGILL, A.C.J., and BLUE and FULMER, JJ., concur.
NOTES
[1] See § 903.133, Fla. Stat. (1997).