ORDER ON EMERGENCY MOTION FOR BAIL PENDING APPEAL

PER CURIAM.
We treat appellant’s emergency motion for bail pending appeal as a motion for *385 review pursuant to Florida Rule of Appellate Procedure 9.140(h)(4), and grant that motion.
Appellant entered a negotiated plea of guilty to one count of possession of photographs (computer images) depicting sexual conduct by a child, reserving the right to appeal the denial of his dispositive motion to suppress. In accordance with the terms of his negotiated plea, he was sentenced to a term of five years of sex offender probation, with a special condition that he serve one year in the county jail. He sought post-trial release pending appeal and the trial court denied that motion. In so doing, the court acknowledged that this appeal was taken in good faith on grounds fairly debatable. The trial court noted that by virtue of his plea, appellant had now been adjudicated guilty of a felony, and found that “this conviction increases [appellant’s] likelihood of flight, as he is now facing sentence.” The trial court also found that appellant’s employment places him in contact with children, and that appellant would therefore cause a risk to children in the community. The trial court made no other finding to support the conclusion that appellant presents a risk to the community.
We conclude that particularly when viewed in light of the other factors set forth in Younghans v. State, 90 So.2d 308 (Fla.1956), that weigh in appellant’s favor on the question, including his ties to the community, the absence of any prior record, and his conduct while on pretrial release, the two factors cited by the trial court are an insufficient basis on which to justify the decision to deny him post-trial release. Younghans recognizes that a trial court may properly exercise its discretion against the allowance of post-trial bail “if there are circumstances to indicate that the accused will flee and thus evade punishment if his conviction is affirmed.” Id. at 310. Here, the trial court made no finding that appellant is likely to flee, and the only circumstance noted by it was the fact that appellant has now been convicted and sentenced. However, this fact does not distinguish him in any way from any other defendant seeking post-trial release pending appeal of his or her judgment and sentence. Appellant is not facing a lengthy incarcerative sentence, and the absence of any other case specific circumstances to suggest that he will flee to avoid punishment renders reliance on this factor inappropriate. See Coolley v. State, 720 So.2d 598 (Fla. 2d DCA 1998)(fact that defendant is facing minimum mandatory sentence does not in the absence of other supporting facts justify conclusion that defendant presents a flight risk). Indeed, as the Younghans court recognized, the fact that appellant’s incarcerative sentence is relatively short is a matter that weighs in favor of granting bail pending appeal, inasmuch as the denial of bail would render appellant’s right to appeal at least partially nugatory.
As to the issue of appellant’s potential to harm children in the community, the record before us is devoid of any evidence that appellant has ever acted out in a physically inappropriate or otherwise harmful fashion with any child. With specific regard to appellant’s activities with the child discussed in the dissenting opinion, the state stipulated as part of the plea agreement that it is presently unaware of any alleged criminal activity relating to that child. Moreover, the concern that appellant’s employment places him in contact with children is a matter the trial court is free to address through the imposition of reasonable conditions on post-trial release.
Accordingly, appellant’s motion for review is granted, and the trial court’s order denying his motion for bail pending appeal *386 is quashed. The matter is remanded to the trial court with directions to establish reasonable conditions for post-trial release pending appeal.
BENTON and LEWIS, JJ, concur; BOOTH, J., dissents.