941 So.2d 1185 (2006)
Tanya McGLADE, Appellant,
v.
STATE of Florida, Appellee.
Linda McGlade, Appellant,
v.
State of Florida, Appellee.
Nos. 2D06-2936, 2D06-2943.
District Court of Appeal of Florida, Second District.
October 25, 2006.
*1187 James Marion Moorman, Public Defender, and J.L. "Ray" LeGrande, Special Assistant Public Defender, Bartow, for Appellants.
Colleen M. Glenn of Law Office of Kent & Glenn, P.A., Bradenton, for Appellants.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.

ORDER GRANTING POSTTRIAL RELEASE
NORTHCUTT, Judge.
Once again, we are called upon to correct the error of a circuit judge in regard to Tanya and Linda McGlade's application for release during the appeals of their criminal convictions. On October 13, 2006, we set aside the judge's order denying the McGlades' application, and we directed him to release them on reasonable conditions. On October 19, the judge issued an order declining to do so. For the reasons that follow, we vacate that order.
After being convicted and sentenced for practicing midwifery without a license, a third-degree felony, the McGlades moved for posttrial release pursuant to Florida Rule of Criminal Procedure 3.691. That rule specifies that such applications are to be considered under the principles established by the Florida Supreme Court in Younghans v. State, 90 So.2d 308 (Fla. 1956). Under rule 3.691(b) and Florida Rule of Appellate Procedure 9.140(h)(3), an order denying posttrial release must set forth the factual bases and reasons for the denial.
The circuit judge held a hearing on the McGlades' motion, at which he took evidence and heard arguments by counsel for the McGlades and the State. Thereafter, on July 18 the judge issued an order declining to release the McGlades. The order set forth the following findings: the McGlades have significant ties to the community; the McGlades have appeared for *1188 every court appearance; Tanya McGlade has no prior criminal record and Linda McGlade has only one prior misdemeanor; if the McGlades are incarcerated during their appeals, they will have served most of their sentences by the time the appeals are concluded.
Although those findings supported the McGlades' request for posttrial release, in his July 18 order the circuit judge denied the McGlades' application because he concluded that they cannot present reasonably arguable or fairly debatable grounds for appeal. After the judge denied their motion for rehearing, the McGlades sought review of the July 18 order under rule 9.140. On October 13, we determined that the judge was mistaken in his view that the appeals presented no arguable grounds for relief. Therefore, because all of the judge's other findings favored releasing the McGlades, we concluded that the judge had abused his discretion when denying the McGlades' application. We directed the judge to order their release on reasonable grounds.
Instead, on October 19 the circuit judge issued an order that recited additional facts regarding the depth of the McGlades' spiritually based belief that they had done nothing wrong. He concluded:
There are no reasonable conditions of release, conditions that the Court can effectively monitor, that can guarantee the safety of the public and that assure this Court that they will refrain from participating in future home births. As such, the Court will continue to deny the motion for post-trial release.
This order was misguided in four important respects:
First, the circuit judge's supposed fear that the McGlades' release would pose a danger to the public that could not be prevented by reasonable conditions is at odds with the fact that they were permitted to remain free throughout the pretrial and trial proceedings without incident. To be sure, the issues of pretrial release and posttrial release are different. But this primarily has to do with such concerns as the increased risk of flight that flow from the conviction itself or that became apparent during the trial. See Younghans, 90 So.2d at 310. And even those differences do not invest a judge with unfettered power to deny posttrial release. Rather, he remains duty-bound to consider and grant or deny the application in his sound discretion. See Coolley v. State, 720 So.2d 598 (Fla. 2d DCA 1998). "The exercise of a sound judicial discretion in this respect means that `the adjudication is to be governed by a given standard of judicial action,' and such discretion implies `judgment directed by circumspection,' to be exercised in the light of the facts and circumstances of each particular case." Younghans, 90 So.2d at 309-310 (internal citations omitted).
As was observed in Younghans and countless times before and since, a judge's exercise of discretion cannot be arbitrary or capricious. "The trial court's discretionary power is subject only to the test of reasonableness, but that test requires a determination of whether there is logic and justification for the result." Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). Here, nothing in the record of the hearing on the McGlades' application for posttrial release suggests that their beliefs are any more fervent now than they have always been. The same is true of the trial testimony relied upon by the circuit judge in his latest order. Indeed, after presiding over that very trial, this very judge permitted the McGlades to remain free following their convictions by the jury until their sentencing hearing six weeks later. The judge's newfound belief *1189 that no release conditions could protect the public from the McGlades is palpably illogicala hallmark of judicial capriciousness.
Second, the circuit judge's estimation that he is incapable of devising release conditions sufficient to protect the public is fatally tardy under rule 3.691. That rule and the Younghans decision on which it is based embody the supreme court's determination that decisions regarding posttrial release must be reasoned. An important safeguard against arbitrariness is the requirement that when denying posttrial release a judge must state the factual bases and reasoning for the denial. As the supreme court put it, "[i]t is axiomatic that the exercise of judicial discretion should never be arbitrary, capricious or unreasonable; and where the discretion is exercised in favor of denying to a person a basic and fundamental right, the reasons for so doing should be sound and they should be clearly stated." Younghans, 90 So.2d at 310.
The argument that the McGlades would pose a danger to the public if released pending their appeals was made by the assistant state attorney at the initial hearing on the McGlades' application. The circuit judge, charged with the clear and unmistakable duty to state the facts and reasons supporting his denial of the application, impliedly rejected the argument when he failed to make any mention of this factor in his July 18 order. Now that it has been determined that the judge abused his discretion based on the facts and reasons stated in that order, he may not simply cling to his ruling by positing additional reasons for it. Otherwise, the requirement that a court justify its ruling in the first place, and the important purpose that requirement serves in preventing judicial capriciousness, would be defeated.
The third infirmity in the October 19 order stems from the fact that the decision whether to release the McGlades was no longer the circuit judge's to make. Hand in hand with its purpose of preventing arbitrary rulings on motions for posttrial release, the requirement that a court set forth the facts and reasons supporting a denial facilitates appellate review of the ruling. See Coolley v. State, 720 So.2d 598, 599 (Fla. 2d DCA 1998) (observing that meaningful review of order denying posttrial release was not possible due to inadequacy of factual findings contained in the order). This court relied on the facts and reasons set forth in the circuit judge's initial order denying the McGlades' application, including the judge's implicit rejection of the State's argument that the McGlades' release would endanger the public. This court's October 13 decision established the law of the case regarding the issues that were presented or that could have been presented in its review of the matter. Dep't of Transp. v. Juliano, 801 So.2d 101 (Fla.2001); Silva v. U.S. Sec. Ins. Co., 734 So.2d 429 (Fla. 3d DCA 1999). As such, the decision governs any further proceedings below unless or until there is a change in the circumstances under which that decision was made. Id. By his October 19 orderand its underlying presumption that he had any further say in the matterthe circuit judge failed in his duty to conform his conduct to that well-established principle.
Finally, fourth, having received a clear directive from the district court of appeal exercising appellate jurisdiction over the matter before him, the circuit judge was legally obliged to follow it; indeed, he was powerless to do otherwise. Hoffman v. State, 613 So.2d 405, 406 (Fla. 1992), superseded by rule on other grounds as stated in In re Amendment to Florida Rules of Criminal Procedure Capital Postconviction Public Records Production, 683 So.2d 475 (Fla.1996); *1190 Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 328 So.2d 825 (Fla. 1975); Rinker Materials Corp. v. Holloway Materials Corp., 175 So.2d 564 (Fla. 2d DCA 1965).
This court, faced with recalcitrance of the sort exhibited by the circuit judge in this case, is inherently empowered to take any action necessary to effectuate its directives. Blackhawk, 328 So.2d at 827; Posner v. Posner, 257 So.2d 530 (Fla.1972); Straley v. Frank, 650 So.2d 628 (Fla. 2d DCA 1994). This includes the power to do directly that which the errant judge has refused to do. Posner, 257 So.2d at 535; Wright v. Lewis, 870 So.2d 179 (Fla. 4th DCA 2004). Moreover, by its terms rule 3.691(a) provides that a person convicted of any but a capital offense may be released pending appeal at the discretion of either the trial or appellate court. We would not lightly invoke our authority under either of these principles. But it is our duty to ensure the fair and orderly functioning of judicial processes established by or on authority of the Florida Constitution, which all judges of this state are sworn to uphold. When, as here, a judge chooses to disregard an obligation of his office, he harms the parties in the case, disserves the residents of his circuit, and undermines the constitution that was adopted for the benefit of all citizens of Florida. Under such circumstances, we do not hesitate to act.
Therefore:
1. The order of Circuit Judge Edward Nicholas dated October 19, 2006, is vacated.
2. The Circuit Court for the Twelfth Judicial Circuit shall take no further action respecting any matter relating to the posttrial release of Tanya McGlade or Linda McGlade unless or until directed to do so by this court.
3. The portion of this court's October 13, 2006, order that directs the circuit court to order Tanya McGlade and Linda McGlade released is withdrawn. Said order is reaffirmed in all other respects.
4. Pursuant to Florida Rule of Criminal Procedure 3.691, the applications of Tanya McGlade and Linda McGlade for posttrial release in Twelfth Judicial Circuit Cases 2005-CF-1639A and 2005-CF-1639B are granted, provided that they shall remain in custody until further order of this court specifying the date and conditions of their release.
5. The Honorable Paul E. Logan, Judge of the Twelfth Judicial Circuit, is appointed as this court's commissioner to recommend appropriate reasonable conditions to be imposed upon the posttrial release of Tanya McGlade and Linda McGlade. The commissioner, in his discretion, may rely on the record created heretofore and may additionally take such evidence and hear such arguments as he deems necessary. He shall report his recommendations in writing to this court no later than November 3, 2006.
FULMER, C.J., and WHATLEY, J., Concur.