On Motion to Review Order Denying Post-Trial Release Pending Appeal
 

 PER CURIAM.
 

 Appellant seeks review of the trial court’s order denying him an appeal bond pending review of his conviction, pursuant to Florida Rule of Appellate Procedure 9.140(h)(4). We reverse and remand for further proceedings.
 

 Appellant was convicted of the misdemeanor of aiding an unmarried runaway and sentenced to 364 days in county jail. He moved for release pending appeal. In his motion he asserts that, if this matter is considered in regular course, he will have already served his sentence before the issue regarding bail is resolved, because with credit for jail time he will be eligible for release in three to four months.
 

 At the appellate bond hearing, defense counsel proffered the following: (1) the appeal was taken in good faith; (2) appellant has never been convicted of a felony; (3) appellant has significant ties to the community through his business; (4) appellant was on pre-trial release for over three years and appeared for every court event; and (5) appellant was taken off the electric monitor and allowed to travel out-of-state on approximately eight separate occasions. On appeal his statement of judicial acts lists ten issues, including denial of motions in limine, motion for judgment of acquittal, admitting evidence over state objection, and limiting cross-examination of the alleged victim and her mother.
 

 At the hearing, defense counsel asserted that the “largest issue that is subject to appellate review from the direct appeal ... is the fact that the age of Robin did not come in.” The state’s only argument in rebuttal concerned the potential merits of the appeal. The state asserted that the age of “Robin,” the person who allegedly drove the victim to the airport, came out through another witness. The state also objected based on the “type of charge” on which appellant was convicted — a misdemeanor. This reveals little to this court without further understanding of the charges, the evidence, and how this issue was raised in the trial court.
 

 The trial court orally stated that “the appeal does exist on a good faith basis,” but denied the motion for post-trial release. In her written order, the trial judge stated:
 

 
 *211
 
 The granting of bail after a defendant is convicted and sentenced is within the sound discretion of the trial judge.
 
 Younghans v. State,
 
 90 So.2d 308, 309 (Fla.1956). In this case the Court finds the appeal to be frivolous and not based on grounds that are fairly debatable.
 
 Childers v. State,
 
 847 So.2d 1120 (Fla. 1st DCA 2003). Further, this Court finds that because the Defendant resides out of state and has no local ties to the community, that he is a flight risk.
 

 Appellant moved for reconsideration, asserting that he is a Florida resident with ties to the state, and attached a copy of his Florida Driver’s License to his motion. Appellant also submitted documentation from the Florida Division of Corporations, reflecting that appellant’s corporation has existed since 2008. The trial court denied the motion for reconsideration.
 

 Florida Rule of Criminal Procedure 3.691(a) provides for discretionary release pending review under the standards set forth in
 
 Younghans v. State,
 
 90 So.2d 308 (Fla.1956). Subsection (b) of that rule requires written findings when release is denied.
 

 Younghans
 
 essentially directs the court to consider (1) whether the appeal is taken for delay or in good faith on grounds not frivolous but fairly debatable; (2) the habits of the individual regarding respect for the law; (3) local attachments to the community by way of family ties, business or investment; (4) the severity of the sentence imposed, and circumstances relevant to the question of whether the defendant would remove himself from the jurisdiction of the court.
 

 Wells v. Wainwright,
 
 260 So.2d 196, 197 (Fla.1972). “Good faith does not mean there is probable cause to believe the judgment will be reversed, but simply that the appeal is not vexatious and the defendant has assigned errors that are open to debate and about which reasonable questions exist.”
 
 Baker v. State,
 
 213 So.2d 285, 287 (Fla. 4th DCA 1968) (citing Younghans).
 

 Younghans
 
 also provides that, “[i]n a case where the term of imprisonment imposed is short, the trial court might also consider whether the den[ia]l of bail would render nugatory the right to appeal from the judgment of conviction.” 90 So.2d at 310. Finally, Florida Rule of Appellate Procedure 9.140(h)(3), requires that “[a]ll orders denying post-trial release shall set forth the factual basis on which the decision was made and the reasons therefor.” (emphasis added).
 

 The trial court’s order fails to articulate reasons we can consider in fulfilling our responsibility to determine whether judicial discretion has been abused. Specifically, the court failed to explain, or set forth a factual basis for, its findings that the appeal is “frivolous and not based on grounds that are fairly debatable.” Merely incanting the language of the rule and
 
 Younghans
 
 is insufficient. Further, the trial court’s finding that “because the Defendant resides out of state and has no local ties to the community, that he is a flight risk,” is not supported by competent substantial evidence. Finally, the order reflects that the trial court failed to consider the short length of appellant’s sentence and whether “the den[ia]l of bail would render nugatory the right to appeal from the judgment of conviction.”
 
 Younghans,
 
 90 So.2d at 310. A short sentence weighs in favor of granting bail pending appeal.
 
 See Evans v. State,
 
 863 So.2d 384, 385 (Fla. 1st DCA 2003).
 

 Accordingly, we reverse the order and remand the case to the trial court to conduct immediate further proceedings to reconsider post-trial release by applying all the principles enunciated in
 
 Younghans,
 
 
 *212
 
 and to make written findings based upon competent substantial evidence to support any order of denial. Alternatively, the court can authorize release upon bond as permitted under Rule 3.691.
 

 WARNER, STEVENSON and CONNER, JJ., concur.