ON MOTION FOR REHEARING

PER CURIAM.
We grant the motion for rehearing, withdraw our previous order denying appellant’s motion to review an order denying post-trial release entered October 26, 2012 and issue this opinion.
Previously, we reversed the circuit court’s denial of post-trial release and “remanded to the trial court to reconsider post-trial release and to make the necessary findings.” Baptiste v. State, 87 So.3d 1260, 1261 (Fla. 4th DCA 2012). On remand, the court denied post-trial release, pointing to the “lengthy five year prison sentence imposed” and “the fact that the Defendant did not articulate any legitimate good faith basis for an appeal.” We again reverse because the court’s findings do not comply with the requirements imposed by the Florida rules of criminal and appellate procedure.
Post-trial release in criminal cases is a discretionary matter governed by Florida Rule of Criminal Procedure 3.691 and Florida Rule of Appellate Procedure 9.140(h). Rule 3.691(a) “provides for discretionary - release pending review under the standards set forth in Younghans v. State, 90 So.2d 308 (Fla.1956).” Brown v. State, 82 So.3d 209, 211 (Fla. 4th DCA 2012). When the trial court exercises its discretion to deny a defendant’s motion for post-trial release, “[s]ubsection (b) of [Rule 3.691] requires written findings.” Id.; see also Fla. R.App. P. 9.140(h)(3) (“All orders denying post-trial release shall set forth the factual basis on which the decision was made and the reasons therefor.”).
Given that post-trial release is a discretionary matter, an appellate court’s review is limited to discerning whether the trial court’s exercise of discretion is arbitrary or capricious. See McGlade v. State, 941 So.2d 1185, 1188 (Fla. 2d DCA 2006). Therefore, “[i]t would seem [that] the obvious purpose [of requiring written findings] is to pinpoint the reason for the trial court’s action which facilitates appellate review thereof.” McCormack v. State, 338 So.2d 208, 209 (Fla. 4th DCA 1975); see also McGlade, 941 So.2d at 1189 (“An important safeguard against arbitrariness is the requirement that when denying post-trial release a judge must state the factual bases and reasoning for the denial.”).
A trial judge does not satisfy this requirement by merely making conclusory findings unsupported by the record. Rather, Rule 3.691 “and the Younghans decision on which it is based embody the supreme court’s determination that decisions regarding posttrial release must be reasoned.” McGlade, 941 So.2d at 1189. Therefore, as this Court has recognized, “a mere verbatim recital of the considerations of Younghans will not suffice to fulfill the requirements ” of Rule 3.691 and Rule 9.140(h)(3). McCormack, 338 So.2d at 209 (emphasis added).
This case is similar to Coolley v. State, 720 So.2d 598, 598 (Fla. 2d DCA 1998), where the trial court denied the defendant’s motion for post-trial release because it “feared that [the defendant] would not *1027 appear for any future court dates if released on bail.” Finding that the original order was deficient, the second district reversed and provided the trial court an additional opportunity to produce “a second supplemental order with facts supporting the conclusion that [the defendant] constituted a flight risk.” Id. at 599. The trial court responded with the addition that the “mandatory sentence makes this Defendant a flight risk.” Id.
In again reversing, the second district recognized that flight risk is a “factor that in and of itself would support the denial if supported by sufficient facts.” Id. However, in that case, “[t]here [wa]s no evidence in the record before [them] that [the defendant] was likely to flee because he faced a minimum mandatory sentence.” Id. This reasoning therefore implied that additional evidence in the record could have warranted affirming, even though it was not specifically found by the trial judge. Id.
In this case, the circuit court’s reference to the five year sentence was a factor weighing against bail. However, the fact that the defendant is serving a “lengthy five year prison sentence” is not conclusive of whether she presents a flight risk. See id. (“[T]he legislature has made no provision for automatically denying appeal bonds to all those defendants who face mandatory terms of imprisonment.”).
Nevertheless, the circuit court found the mandatory sentence factor dispositive only when “coupled” with the “fact that the Defendant did not articulate any legitimate good faith basis for an appeal.” However, this latter ground is a mere conclusory recitation of a Younghans factor. See Wells v. Wainwright, 260 So.2d 196, 197 (Fla.1972) (defining one of the Younghans factors as “whether the appeal is taken for delay or in good faith on grounds not frivolous but fairly debatable”). Furthermore, as in Brown, “the court failed to explain, or set forth a factual basis for, its findings that the appeal is frivolous and not based on grounds that are fairly debatable.” 82 So.3d at 211 (internal quotations omitted).
We grant the same relief as the court in Coolley; the motion for review is granted and we direct the trial court to set a reasonable bond.
POLEN, GROSS and LEVINE, JJ„ concur.