# Third District Court of Appeal

## State of Florida

Opinion filed March 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1527
Lower Tribunal No. F16-21911B
_____

**Devin Travon Mays,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Dava J. Tunis, Judge.

Ross Amsel Raben Nascimento PLLC., and Robert G. Amsel, for appellant.

Ashley Moody, Attorney General, and Magaly Rodriguez, and Brian H. Zack, Assistant Attorneys General, for appellee.

Before LOGUE, SCALES, and LINDSEY, JJ.

<u>On Motion to Review Order Denying Post-Trial Release</u>

LINDSEY, J.

On December 28, 2020, this Court reversed the trial court's unwritten denial of Appellant Devon Travon Mays's motion for post-trial release and remanded "with instructions to reconsider post-trial bail for Appellant pursuant to the principles enunciated in <u>Younghans v. State</u>, 90 So. 2d 308 (Fla. 1956) and in accordance with Florida Rule of Criminal Procedure 3.691(b)."[1] On remand, the trial court issued a written order denying post-trial release. Mays has filed a second motion for review.[2] Because we cannot conclude the trial court abused its discretion, we affirm the trial court's order denying Mays's motion for post-trial release.

Florida Rule of Criminal Procedure 3.691 authorizes, under certain circumstances, post-trial release pending review of the conviction. Pursuant

---

[1] Florida Rule of Criminal Procedure 3.691(a) requires the trial court to apply the principles enunciated in <u>Younghans</u>: "A defendant who has been adjudicated guilty of the commission of any non-capital offense for which bail is not prohibited under section 903.133, Florida Statutes, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in <u>Younghans v. State</u>, 90 So. 2d 308 (Fla. 1956)." Florida Rule of Criminal Procedure 3.691(b) requires written findings when a trial court denies post-trial release.

[2] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(h)(4) ("Review of an order relating to post-trial release shall be by the court on motion.").

to Rule 3.691(a), "No defendant may be admitted to bail on appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous." See also Younghans, 90 So. 2d at 310 ("[I]f an appeal is taken 'merely for delay, bail should be refused; but, if taken in good faith, on grounds not frivolous but fairly debatable, in view of the decisions of the Supreme Court, then petitioners should be admitted to bail.'" (quoting United States v. Motlow, 10 F.2d 657, 662 (7th Cir. 1926))).

In addition, "the trial judge might consider (1) the habits of the individual as to respect for the law, (2) his local attachments to the community, by way of family ties, business, or investments, (3) the serverity [sic] of the punishment imposed for the offense, and any other circumstances relevant to the question of whether the person would be tempted to remove himself from the jurisdiction of the court." Id. Importantly, post-trial release is a discretionary matter, and our "review is limited to discerning whether the trial court's exercise of discretion is arbitrary or capricious." Baptiste v. State, 134 So. 3d 1025, 1026 (Fla. 4th DCA 2012) (citing McGlade v. State, 941 So. 2d 1185, 1188 (Fla. 2d DCA 2006)).

Here, the trial court found that Mays satisfied the threshold showing that the appeal was "taken in good faith, on grounds fairly debatable, and not

frivolous." The trial court's order also identifies the three factors set forth in Younghans and provides some factual findings and reasoning in support of its decision to deny post-trial release. Cf. McCormack v. State, 338 So. 2d 208, 209 (Fla. 4th DCA 1975) ("[A] mere verbatim recital of the considerations of Younghans will not suffice to fulfill the requirements of the rules."). Although the order under review could have been more detailed, it correctly applied the principles enunciated in Younghans. See Baker v. Myers Tractor Srvs., Inc., 765 So. 2d 149, 150 (Fla. 1st DCA 2000) ("[U]nder an abuse of discretion standard of review . . . 'to justify reversal, it would have to be shown on appeal that the trial court clearly erred in its interpretation of the facts and the use of its judgment and not merely that the court, or another fact-finder, might have made a different factual determination.'" (quoting Mercer v. Raine, 443 So. 2d 944, 946 (Fla.1983))). We therefore deny Mays's second motion for review and affirm the order denying Mays's motion for post-trial release.

Motion for review denied; order denying post-trial release affirmed.