# Supreme Court of Florida

———————

No. SC21-1189

———————

**IN RE: AMENDMENT TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.691.**

May 19, 2022

PER CURIAM.

This matter is before the Court for consideration of a proposed amendment to Florida Rule of Criminal Procedure 3.691. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Florida Bar's Criminal Procedure Rules Committee (Committee) filed a report proposing an amendment to Florida Rule of Criminal Procedure 3.691 (Post-Trial Release). The Board of Governors of The Florida Bar unanimously approved the Committee's proposal. The Committee and the Court published the proposal for comment in *The Florida Bar News*, but no comments were received.

Having considered the Committee's report, the Court hereby adopts the amendment as proposed by the Committee. In subdivision (a) (When Authorized) of rule 3.691, the phrase "adjudicated guilty of" is replaced by the phrase "sentenced for." This amendment clarifies that post-trial release is available to defendants who otherwise qualify for release where the adjudication was withheld.

Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective July 1, 2022, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS AMENDMENT.

Original Proceeding – Florida Rules of Criminal Procedure

Alan S. Apte, Chair, Criminal Procedure Rules Committee, Orlando, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 3.691.   POST-TRIAL RELEASE

**(a)     When Authorized.** A defendant who has been ~~adjudicated guilty of~~<u>sentenced for</u> the commission of any non-capital offense for which bail is not prohibited under section 903.133, Florida Statutes, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in *Younghans v. State*, 90 So. 2d 308 (Fla. 1956). No defendant may be admitted to bail on appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous. However, in no case shall bail be granted if the defendant has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and the defendant's civil rights have not been restored or if other felony charges are pending against the defendant and probable cause has been found that the defendant has committed the felony or felonies at the time the request for bail is made.

**(b) – (e)**     [No change]

## Committee Notes

[No change]